DICKSON, J.,
dissenting.
The majority opinion concludes that Catholic Charities, by showing that it complied with Indiana Code section 31-19-5-15(b)(1), which requires adoption agencies to check the putative father registry at least one day after the close of the putative father’s deadline, met its initial burden of making a prima facie case for summary judgment. I respectfully disagree.
Under Indiana tort law, when applying the “duty-breach-damages” analysis to determine the tort of negligence, “the duty of care is well established — that care which is reasonable under the circumstances.” Estate of Heck ex rel. Heck v. Staffer, 786 N.E.2d 265, 270 (Ind.2003). Except when a specific duty is declared by statute or common law, it is the duty of reasonable care under the circumstances that governs. The parties do not dispute that Catholic Charities owed to the Kramers the duty of reasonable care. Thus, the issue in this case is not whether there was a special duty to take or refrain from specific action, for example, a duty to conduct a pre-placement check, a duty to disclose the failure to conduct checks, or a duty to inform of risks. The essence of the parties’ disagreement here is whether the ac *237 tion and/or lack of action of Catholic Charities satisfied the single overriding.duty of reasonable care under the circumstances, or in other words, whether the duty was breached. Because it involves an evalúation of reasonableness under the circumstances, breach of duty is rarely appropriate for summary judgment. I believe this case to be no exception.
I believe that, as the party moving for summary judgment, Catholic Charities did not affirmatively demonstrate that its exercise of reasonable care for the Kramers under the circumstances is established by undisputed facts. 'For this reason, the motion for summary judgment filed by Catho-lie Charities should be denied, and the Kramers’ negligence claim should be permitted to proceed to trial,